UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00181-FDW-DCK

| | |
|---|---|
| TIMOTHY FOZARD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WAL-MART STORES, INC., WAL-MART )<br>STORES EAST, LP, SYTINA DAVIA, )<br>individually and as an employee or agent of )<br>WAL-MART STORES EAST, LP; GAGIK )<br>GASPARYAN, individually and as an )<br>employee or agent of WAL-MART )<br>STORES EAST, LP; and LYNN )<br>CANNIZZO, individually and as an )<br>employee or agent of WAL-MART )<br>STORES EAST, LP, )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff Timothy Fozard's Motion to Remand (Doc. No. 5). For the reasons stated below, Plaintiff's motion is DENIED.

I. BACKGROUND

Plaintiff filed this action on November 5, 2018 in the Mecklenburg County General Court of Justice asserting fourteen causes of action: (1) assault; (2) battery; (3) gross negligence; (4) negligent supervision; (5) negligent infliction of emotional distress; (6) intentional infliction of emotional distress; (7) slander *per quod*; (8) false imprisonment; (9) 42 U.S.C. § 1983; (10) conspiracy to violate constitutional rights – 42 U.S.C. § 1985; (11) Title VII Claims for Relief – 42 U.S.C. § 1981; (12) unfair and deceptive trade practices; (13) conversion; and (14) punitive damages. (Doc. No. 1–2). With the consent of all Defendants, Defendant Sytina Davis filed a

1

Notice of Removal on April 10, 2019 on the basis that Plaintiff stated claims for relief arising out of federal law. (Doc. No. 1). Plaintiff now moves for remand. (Doc. No. 5). Defendants have responded. (Doc. No. 7). Plaintiff has not replied to the motion and the time for filing a reply has expired. This motion is now ripe for review.

## II. STANDARD OF REVIEW

"The subject matter jurisdiction of federal courts is limited[,] and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Title 28, United States Code, Section 1441(a) (the "removal statute"), provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). As such, the removal statute requires that this federal district court have "original jurisdiction" over the matter. Id. A federal court must "construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." Dixon v. Coburg Dairy, 369 F.3d 811, 816 (4th Cir. 2004) (citing Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). Thus, "[i]f federal jurisdiction is doubtful, remand to state court is necessary." Id.

For subject matter jurisdiction to exist under 28 U.S.C. § 1331, a well-pleaded complaint must reveal a federal question. See Caterpillar, Inc. v. Williams, 482 U.S. 286, 392 (1987); see also Lontz v. Tharp, 413 F.3d 435, 439–40 (4th Cir. 2005). Under the "well-pleaded complaint rule," federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983).

Pursuant to 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Nonetheless, 28 U.S.C. § 1367(c) permits district courts to decline supplemental jurisdiction over a claim under subsection (a) in certain circumstances. 28 U.S.C. §§ 1367(c)(1)–(4). If the district court has only supplemental jurisdiction over Plaintiff's claims, the district court has discretion to decide whether to remand the case to state court, or permit the case to stay in federal court. See Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988).

III. ANALYSIS

Federal courts have subject matter jurisdiction over cases "arising under" the Constitution, statutes, or treaties of the federal government. 28 U.S.C. § 1331. To determine whether a cause of action "arises under" federal law, the Court shall look to the plaintiff's "well-pleaded complaint." See Franchise Tax Bd., 463 U.S. 1, 9–10. "[I]t must be clear from the face of the complaint either that [(]1) plaintiff's cause of action rises under federal law; or [(]2) a federal law is an element, and an essential one of plaintiff's cause of action." ECR Software Corp. v. Zaldivar, No. 5:12–cv–0039–RLV–DCK, 2013 WL 1742676, at *3 (W.D.N.C. Apr. 23, 2013). A party seeking removal to federal court has the burden of establishing federal subject matter jurisdiction exists. See Kokkonen, 511 U.S. at 377 (citing McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 183 (1936)). "The Court examines the subject matter jurisdiction that existed at the time the notice of removal was filed." ECR Software, 2013 WL 1742676, at *4 (internal quotations and citations omitted).

3

Here, the Court finds that it has subject matter jurisdiction pursuant to § 1331 because Plaintiff's Complaint expressly alleges three federal causes of action, see (Doc. No. 1–2, pp. 16–23), within the literal parameters of 28 U.S.C. § 1331, see generally Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim . . . ."); Franchise Tax Bd., 463 U.S. at 8–9 ("The most familiar definition of the statutory 'arising under' limitation is Justice Holmes' statement, 'A suit arises under the law that creates the cause of action.'"). This is not a case about the exception to the rule—the "slim category" of cases, Gunn v. Minton, 568 U.S. 251, 258 (2013), in which state law supplies the cause of action but federal courts have jurisdiction under § 1331 because "the plaintiff's right to relief depends on resolution of a substantial question of federal law," Franchise Tax Bd., 463 U.S. at 28. Rather, this case falls under the "vast majority of cases" where federal law creates the cause of action. Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986).

Thus, the Court finds that it possesses jurisdiction pursuant to 28 U.S.C. § 1331, see Simmons v. Wheeling Island Gaming, Inc., 2012 WL 1752686, at * 1 (N.D.W.Va. May 16, 2012) (holding that because the plain language on the face of plaintiff's complaint presents a federal question, the court has federal question subject matter jurisdiction); see generally Mulcahey, 29 F.3d at 151 ("In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction."), and removal was proper, see generally Woods v. Nissan North America, 2005 WL 1000089, at *2 (D. Md. Apr. 29, 2005) ("If federal law creates a plaintiff's claim, then removal is proper."). The Court has supplemental jurisdiction

over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) since they arise out of the same common nucleus of operative facts. Accordingly, Plaintiff's motion to remand and for related expenses is denied.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion to Remand (Doc. No. 5) is DENIED.

IT IS SO ORDERED.

Signed: May 31, 2019

Frank D. Whitney
Chief United States District Judge